UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHARLES SMILES,

        Plaintiff,

v.

LARRY S. ROYSTER et al.,

        Defendants.
_____/

Case No. 2:17-cv-165

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Royster and Meyer for failure to state a claim.

## Discussion

    **I.**    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.

Plaintiff sues Michigan Supreme Court Chief Clerk Larry S. Royster and Deputy Clerk Inger Z. Meyer. Plaintiff alleges that following the denial of his motion for reconsideration in the Michigan Court of Appeals on August 5, 2016, he had 42 days to file an application for leave to appeal in the Michigan Supreme Court.

On September 9, 2016, Plaintiff mailed an application for leave to appeal and a motion to suspend filing fees, as well as supporting documents, to the Michigan Supreme Court. On September 13, 2016, Defendant Royster received Plaintiff's submission and returned it to Plaintiff on the same date, stating that pursuant to MCL § 600.2963(8), the court would not accept further civil appeals on Plaintiff's behalf until the filing fees in Plaintiff's previous civil appeals were paid in full. After Plaintiff received this mail, he had his brother pay his outstanding debt to the state court. Plaintiff states that pursuant to MCL § 600.2963(1), he had 21 days in which to refile his pleadings. However, when Plaintiff mailed his pleadings back to the Michigan Supreme Court for filing, Defendant Meyer refused to accept his pleadings. On October 3, 2016, Defendant Meyer returned Plaintiff's pleadings with a letter stating that Plaintiff had missed the 42 day filing deadline set forth in Rule 7.305(C) of the Michigan Court Rules. Plaintiff was also informed that the mailbox rule only applies to criminal matters and that the court did not have any discretion to accept a late filing.

Plaintiff, believing that the 21 day period to pay his outstanding debt provided an extension to the 42 day time period for filing an application for leave to appeal, wrote a letter and a motion for reconsideration to the Michigan Supreme Court. Defendant Royster sent Plaintiff a letter dated March 16, 2017, stating:

> As explained by Deputy Clerk Meyer in her letter to you on October 3, 2016, your civil application for leave to appeal, which this office received on September 16, 2016, could not be accepted and docketed because you had an outstanding balance for the filing fees in [Michigan Supreme Court] No. 140213, Charles Smiles v Dep't

2

> of Corrections. Although you paid that balance on September 29, 2106, and re-submitted the civil application on October 3, 2016, the 42-day deadline for filing the application had passed. It was therefore properly rejected and returned to you by this office.

*See* ECF No. 1, PageID.5. Defendant Royster reiterated that the filing deadline for an application for leave to appeal is jurisdictional and cannot be extended.

Plaintiff contends that Defendants violated his rights under the First and Fourteenth Amendments when they refused to accept his application for leave to appeal. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Defendants Royster and Meyer are entitled to immunity from Plaintiff's claims for damages. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL

31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk). *Cf. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 & n.11 (1993) (court reporter not entitled to absolute immunity for preparing transcripts because that function is ministerial; it does not exercise the kind of judgment protected by judicial immunity). Defendants Royster and Meyer were clearly acting on behalf of the court when they returned Plaintiff's application for leave to appeal. Because Defendants are entitled to quasi-judicial immunity, Plaintiff may not maintain an action against them for monetary damages.

Moreover, injunctive relief is not available under § 1983 because a doctrine known as *Rooker–Feldman* limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal district court has no authority to review final judgments of state-court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). A loser in the state court may not be heard in the federal district court on complaints of injuries by a state-court judgment rendered before the federal

proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker–Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. In this case, it is clear that the source of injury is the state court's refusal to accept his application for leave to appeal as timely. Therefore, Plaintiff's request for injunctive relief is barred by *Rooker–Feldman*.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Royster and Meyer will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: March 13, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge